## S. S. KRESGE CO. v. DUNNE.
### No. 3010.

Circuit Court of Appeals, First Circuit.

May 25, 1935.

John M. Morrison, of Boston, Mass. (Julian T. Hargraves, of Boston, Mass., on the brief), for appellant.

James T. Doherty, of Boston, Mass. (Leo P. Doherty and Frank E. McFarlin, both of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the District Court of Massachusetts. The defendant at the close of the evidence moved for a directed verdict in its favor, which was refused. This is the only assignment of error. The jury found for the plaintiff.

If the jury believed the plaintiff's testimony and that of her sister, the plaintiff entered the defendant's store in Boston for the purpose of making purchases. While walking along one of the aisles of the store between two counters where she could properly travel in making her purchases, a salesgirl, after ringing up a sale on a cash register, walked backward from behind the counter into the aisle

and stepped on the plaintiff's foot, evidently breaking the skin, from which blood poisoning developed.

The plaintiff and her sister positively identified the salesgirl who they claimed caused the injury. There was much conflict of testimony as to the identity of the salesgirl, and whether at the time she was in the act of performing any duties her employment required. We think there was evidence warranting the submission of the case to the jury.

While an alternative verdict, so called, was taken, if the jury believed the plaintiff's evidence, we see no question of law involved, on which the judgment can be reversed. The salesgirl, from the plaintiff's evidence, was evidently employed at the time at the counter in question. There is nothing in the record to indicate as a matter of law that the plaintiff was not in the exercise of due care, or had any warning that the salesgirl was about to step back into the aisle without stopping or looking. The charge of the presiding judge was not printed, and we must assume that he gave full and correct instructions as to what constitutes negligence and contributory negligence, and what injuries can be said as a matter of law to be the result of pure accident.

The judgment of the District Court is affirmed, with costs.